Yazoo & M. V. R. Co. *v.* Boone.

[72 South. 777.]

Damages. *Passengers. Injury. Proximate cause. Evidence.*

> In a suit for damages against a railroad company for failure to carry a passenger to her destination whereby she was compelled to drive through the rain to her home, the evidence was *held* by the court insufficient to show that a polypus which developed in plaintiff's nose was the proximate result of defendant's negligence.

111 Miss.—56

Appeal from the circuit court of Bolivar county.

Hon. W. D. Cutrer, Special Judge.

Suit by Mrs. M. E. Boone against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The appellee was plaintiff in the court below, and appellant was defendant in a suit for damages. The declaration alleges that the plaintiff purchased a ticket at Hot Springs, Ark., to Boyle, Miss., and that at Memphis, Tenn., she boarded the appellant's line with transportation to Boyle, and that when she arrived at Mound Bayou, a station some distance north of Boyle, the conductor and flagman informed her that this was her station, and that by reason of this information she got off at Mound Bayou, believing it was Boyle, and did not discover her mistake until after the train had departed; that she immediately telegraphed her brother at Boyle, who was expecting her on the south-bound train, and that her brother took a north-bound train and came to Mound Bayou, and the two then took a train a few hours later for Boyle, arriving there about eight or nine o'clock at night, some five or six hours later than the arrival of the train on which she had first taken passage; that she and her brother and another male relative got in an open wagon at Boyle to drive to her brother's home about two miles distant, and were caught in a severe rain, and plaintiff contracted a cold, and as a result of same a polypus formed in her nose, and caused her great pain and inconvenience, and made it necessary for her to have three operations, and that she is not yet entirely cured; that the rain did not begin until after she had left the station of Boyle, and she would not have been caught in the rain if she had arrived on the earlier train; and that the wetting she received was due to the negligence of the defendant's servants. She recovered a judgment for three thousand eight hundred dollars, and the railroad company appeals.

*Montgomery & Montgomery,* for appellant.

*Cutrer & Johnston,* for appellee.

HOLDEN, J., delivered the opinion of the court.

Amongst the errors complained of by the appellant here is the refusal by the lower court to grant the following instruction asked by the defendant:

"The court instructs the jury for the defendant that the plaintiff in this case is not entitled to recover any damages because of the polypus developing in her nose."

The testimony in the case shows that the appellee, Mrs. Boone, was caught in a rain on an August evening, while traveling about two miles, and although she had an umbrella, and her male relatives were with her, she claims to have gotten wet and had to change clothes on account of it. She testified that this wetting caused a "polypus" to develop in her nose necessitating several operations to remove it. The testimony of the appellee that her getting wet on this August evening was the cause of the polypus appears to be, taken in connection with the balance of her testimony, a mere belief or opinion of this lady. Her opinion does not find support in any other fact or circumstance in the case, and amounts to mere conjecture; and, taking the testimony as a whole in this record, and especially the testimony of the two doctors who testified in the case, we do not find any substantial evidence showing any connection between the wetting received by the appellee and the development of the polypus. In truth and in fact, the testimony in this record shows that the wetting of the appellee by the rain on this occasion did not, and could not have, developed the polypus or growth in her nose. There being no substantial proof of this alleged fact, the jury should not have been allowed to pass upon it; and therefore the refusal of the lower court to

grant the instruction No. 10, referred to above, was erroneous, and for such error the judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*