F. W. WOOLWORTH CO., INC., *et al. v.* VOLKING.*

(Division A.  April 14, 1924.  Suggestion of Error Sustained and Affirmed with Remittitur, May 19, 1924.)

[100 So. 3. No. 24056.]

1. MASTER AND SERVANT. *Evidence to show employer's failure to heat room caused injuries to employee's eyes, throat, and nose held insufficient for jury.*

   In an action for injuries to employee's nose, throat, and eyes alleged to have been caused by employer's failure to maintain sufficient heat in room in which employee worked, in which there was no expert evidence to show a causal connection between the cold contracted by the employee and the subsequent injury to her nose, eyes, and throat, and the only testimony relevant thereto was that of the employee herself that the cold had caused such injuries, without a reasonable basis of facts for the conclusion, the evidence was insufficient for submission to jury.

2. EVIDENCE. *Nonexpert's conclusion that cold caused injuries to eyes, nose, and throat, held incompetent without facts on which to found it. ·*

   In action for injuries to employee's nose, eyes, and throat alleged to have been caused by employer's failure to heat room in which employee was working, admission of employee's testimony that the cold contracted by her caused the injuries, without a reasonable basis of facts upon which to found the conclusion, *held* error.

3. APPEAL AND ERROR. *Employee's testimony held not so unreasonable as to warrant appellate court in disturbing verdict.*

   In an action for injuries to employee claimed to have been caused by a cold contracted on employer's failure to provide sufficient heat in store in which employee was working, employee's testimony that store manager turned off heat, opened the doors, and turned on the fans on a freezing day, *held* not so unbelievable or unreasonable as to warrant appellate court in disturbing finding of jury in accordance therewith.

4. APPEAL AND ERROR. *Jury's finding on competent evidence not disturbed.*

   Finding by jury will not be disturbed on appeal by the supreme court, where the evidence upon which the finding is based is competent and sufficient to support the finding.

On Suggestion of Error.

5. Appeal and Error.   *Case remanded for trial merely as to damages, where supreme court has determined that defendant is liable.*

The supreme court, on deciding, on appeal from judgment for plaintiff, that defendant is liable to plaintiff, but not for certain injuries submitted to jury, should remand case merely for trial as to amount of damages.

6. Damages.   *Two thousand dollar verdict for severe cold held excessive.*

Two thousand dollar verdict for severe cold, contracted because of defendant employer's negligent failure to provide sufficient heat, *held* excessive, and subject to reduction to five hundred dollars.

---

*Headnote 1.   Master and Servant, 26 Cyc, p. 1460;   2.   Evidence, 22 C. J., section 604;   3.   Appeal and Error, 4 C. J., section 2838;   4. Appeal and Error, 4 C. J., section 2834;   5.   Appeal and Error, 4 C. J., section 3234;   6.   Damages, 17 C. J., section 464.

Appeal from circuit court of Harrison county.
Hon. D. M. Graham, Judge.

Action by Miss Cora Volking against the F. W. Woolworth Company, Inc., and others.   Judgment for plaintiff, and defendants appeal.   Affirmed, with *remittitur*.

*J. A. Leathers,* for appellants.

The court erred in refusing the peremptory instruction asked by the appellants.   There is a total absence of any testimony in this record that would enable the jury to say from the evidence whether plaintiff's injuries, or cold, resulted proximately from the condition the appellee, herself, testifies she was suffering with before she caught the cold, or whether they resulted from the alleged acts of the appellants' manager, Anderson, even if the jury believed that they happened, as it appears they did believe.   In other words, the causal relation between the acts complained of and the alleged injury is not established by any competent testimony, and

rests purely upon the naked assertion of the appellee, herself.

The burden is on the appellee to establish this causal relation by competent and sufficient testimony, and because of her failure to do so, she cannot recover in this case. *Louisville & Nashville R. Company* v. *Jones,* 98 So. 230; *Yazoo City Transportation Company* v. *Smith,* 28 So. 807; 15 L. R. A., page 741; *Seutter* v. *Maysville,* 114 Ky. 60, 69 S. W. 1074; *Scheffer* v. *Washington City, V. M. & G. S. R. Co.,* 105 U. S. 249, 26 L. Ed. 1070; Thomp. Neg, 47 et seq.; *Ill. C. R. Co.* v. *Mizell,* 100 Ky. 235, 38 S. W. 5; *Henry* v. *St. Louis, K. C. & N. R. Co.,* 76 Mo. 288, 43 Am. Rep. 726; *South Side Pass. R. Co.* v. *Trich,* 117 Pa. 390, 2 Am. St. Rep. 672, 11 Atl. 627; *Pa. R. Co.* v. *Hope,* 80 Pa. 373, 21 Am. Rep. 100; *Block* v. *Milwaukee Street R. Co.,* 89 Wis. 371, 27 L. R. A. 368; *L. & N. R. R. Co.* v. *Webb,* 99 Ky. 339, 35 S. W. 1117; *N. O. & N. E. R. Co.* v. *McEwen,* 49 La. Ann. 1184, 38 L. R. A. 134, 22 So. 675; *Lewis* v. *Flint & P. M. R. Co.,* 53 Mich. 55, 52 A. R. 790; *Milwaukee & St. Paul R. R. Co.* v. *Kellogg,* 94 U. S. 475, 24 L. Ed. 259; *Francis* v. *St. Louis Transfer Co.,* 5 Mo. App. 7; *Hobbs* v. *London & S. W. R. Co.,* L. R. 10, Q. B. 111; *McClary* v. *Sioux City & P. R. Co.,* 3 Neb. 44, 19 A. R. 631; 22 R. C. L. 22, p. 152; *Sullivan* v. *Old Colony Street R. Co.,* 197 Mass. 512, 125 A. S. R. 378; *McCafferty* v. *Pa. R. R. Co.,* 193 Pa. St. 339, 74 A. S. R. 690; *Deschanes* v. *Concord & M. R. R. Co.,* 69 N. H. 385, 46 Atl. 467. See also on proximate cause *Pullman Company* v. *Lack,* 143 Ill. 242, 18 L. R. A. 215; *Butcher* v. *R. R. Co.,* 37 W. Va. 180, 18 L. R. A. 519; *Lutz* v. *R. R. Co.,* 16 L. R. A. 819. Exposure to Cold: No duty on the master to protect against: *King* v. *Interstate Consolidated Street Ry. Co.,* 70 L. R. 924.

We, therefore, submit that the lack of evidence as to the proximate cause of her suffering—made it the duty of the trial court to have granted the peremptory instruction asked by the appellants, and its failure and refusal to do so was manifest error. It is utterly impos-

sible to determine from the evidence in this record whether appellee's alleged injuries resulted from the condition of her nose prior to January 25th, or from the alleged acts of Anderson, as stated by her, and her alone.

In addition to the foregoing, and as announced by the authorities last above cited, it was the duty of the appellee to have taken all reasonable precautions to protect herself under the circumstances which she says existed and her failure to do so, as testified to by her, bars her recovery. As this court said in the case of *Transportation Company* v. *Smith,* 78 So. 807, *supra,* it can be presumed that the appellee knew more of her condition and her temperament than any one else, and that she would act as a person of ordinary common sense, even if the acts of the appellant, Anderson, complained of by her and testified to by her, happened as she said they did. 2 Labatt on "Master and Servant" 1904 edition, pages 2208 and 2209; *Hayes* v. *Michigan C. R. Co.,* 111 U. S. 228, 241, 28 L. Ed. 410, 415.

*L. W. Maples,* for appellee.

The court did not commit any error in refusing the peremptory instruction requested by the appellants. This court held in *Miss. Oil Co.* v. *Ellis,* 72 Miss. 191, that the master owes his servants the duty to provide him with a reasonably safe place in which to work and to keep same reasonably safe. See, also, *Finkbine Lumber Co.* v. *Cunningham,* 101 Miss. 292; *Keel* v. *Dukate,* 93 Miss. 201; *Cook Oak Co.* v. *Mormon,* 176 S. W. 305; *Robertson-Schaefer Co.* v. *Jones,* 101 S. W. 165; *Wickstrom* v. *Whitney et al.,* 136 N. W. 1094. The evidence in. this case shows that the store building of appellant on the 25th day of January, 1923, was cold and freezing.

Appellee by the testimony offered at the hearing of this cause shows conclusively that the proximate cause of her suffering condition at present was due directly to the negligent, wilful, and wanton acts of appellant An-

derson, and this is the admission of the appellant by own testimony, and also as is shown by testimony offered by, and in behalf of appellee.

"The rule is that the previous condition of the person injured cannot be invoked by the defendant for the purpose of escaping the consequences of his own negligence." *Terry* v. *N. O. G. N. R. R. Co.,* a Mississippi Case in 60 So. 729.

The law concerning proximate cause is thoroughly discussed in *Cumberland Telephone-Telegraph Co.* v. *Woodham,* 54 So. 890; *Yazoo & M. V. R. Co.* v. *Smith,* 60 So. 73; *Yazoo City* v. *Birchett,* 42 So. 569; *Seith* v. *Commonwealth Electric Co.,* 24 L. R. A. (N. S.) p. 978; *Cleveland C. C. & St. L. R. R. Co.* v. *Tauer,* 39 L. R. A. (N. S.), 20; 22 R. C. L. 148 and 149.

The trial court did not err in refusing the peremptory instructions asked by appellant. *Cantrell* v. *Lush,* 73 So. 885; *Ala. Great Southern R. Co.* v. *Daniell,* 66 So. 730; *Dodge* v. *Cutrer,* 58 So. 208; *Jones* v. *Knotts,* 70 So. 701; *Waldrop* v. *A. B. Crittenden Co.,* 65 So. 644.

*J. A. Leathers,* for appellants, in reply to suggestion of error.

We are at a loss to understand how this question of reversing this cause merely on the amount of damages can even enter into this case from any angle. If the cause was properly reversed, as was done, such reversal was properly based, as shown by the opinion of the court, upon the question of liability, under the evidence, or rather lack of evidence disclosed by the record on this appeal.

It is clear from the opinion that the court reversed this case on the question of liability, holding that the appellee, on the trial below, had not introduced sufficient testimony of any probative value to establish a proper causal connection between the injuries complained of and the alleged acts of the defendant, Anderson. If this

court should now hold that this view of the case is all wrong, and that the cause should be remanded on the question of damages, alone, then we submit that, under the principle of law governing this case, it should not be remanded at all, but so far as the damages are concerned should be affirmed on this appeal.

If this court can, under the evidence in this record, reverse its former holding on the question of liability, as quoted from its opinion, *supra,* and hold that in this case the evidence is sufficient and of proper probative value to show a causal connection, then what reason is there to reverse the case on the question of damages? The evidence on this point fails to show two things, either one of which is fatal:

1.  It fails to connect the cold which the appellee says she caught with the acts of Anderson, which are the things complained of in the declaration.

2.  There is a total lack of evidence of any probative value to show that the condition of her nose, which she complained of, and which was the chief alleged cause of her suffering, resulted either from the cold or from the acts of Anderson.

We submit that, under every principle of law bearing on this proposition and under the decisions of this court, this cause should not only have been reversed, as was done, but should have been dismissed.

*L. W. Maples,* for appellee, on suggestion of error.

The jury had a right to believe, and they believed that there was no heat in the store, and that it was cold in said store; and that Miss Volking was cold and as a result of said condition that she contracted a cold; and that the proximate cause of her contracting a cold was the wanton and negligent acts of the manager of the Woolsworth Company. The lower court properly instructed the jury as to the law covering the liability in this case.

This court has found, to which we cheerfully submit, that there is no competent evidence in the record to establish a causal connection between the cold and subsequent injuries complained of by appellee, and the court then correctly concluded, therefore, that the opinion of appellee was nothing more than a guess or speculation on her part and there can be no recovery for the injury complained of to her nose, eyes, and throat until the connection between the cold and the subsequent injuries are established by competent, basic facts. The injury to her nose, eyes, and throat if connected with the cold that she contracted, will go only to the amount of damages that she is entitled to recover; but as has been hereinbefore stated, this court found that Miss Volking contracted a cold there on account of having to remain in the cold store during the day in question, and that the appellant is therefore liable for the cold contracted and the time that she lost as a result of said cold and such other injuries which can be established to have resulted as the proximate cause of said cold.

We therefore respectfully suggest that the opinion of the court should be changed, reformed, and corrected so that this cause will be remanded to the court below on the question of the amount of damages that appellee is entitled to recover, only allowed under the proper instructions and evidence as indicated by the opinion of the court herein.

1. The evidence is sufficient to support the finding of the jury on the question of the liability of appellants.

2. The instruction of the court was proper, as to the liability of appellants.

It is a well-established rule by this court in an unbroken line of cases that a verdict of a jury will not be disturbed or set aside unless it is manifest from the whole record that it was clearly wrong, or unless the instructions of the court are wrong; and that every presumption will be indulged in favor of the verdict: *Peck* v. *Thompson,* 23 Miss. 367; *Kelley* v. *Miller,* 39 Miss. 17; *New Orleans R.*

*R. Company* v. *Hurst,* 36 Miss. 660; *New Orleans R. R. Company* v. *Statham,* 42 Miss. 608; *I. C. R. R. Company* v. *Schultz,* 39 So. 1005; *King* v. *Rowan,* 34 So. 325; *Pollock* v. *Butler,* 23 So. 577.

The verdict of the jury will not be disturbed merely because it is against or contrary to the preponderance of the evidence even when a contrary verdict would have been more satisfactory. *Lea* v. *Guice,* 13 S. & M. 656; *Holmes* v. *Holiday,* 4 H. 338; *Elzy* v. *Stone,* 5 S. & M. 21; *Bower* v. *Johnson,* 10 S. & M. 169; *Fisher* v. *Leech,* 10 S. & M. 363; *St. Louis & S. F. R. Company* v. *Bowles,* 170 Miss. 97; *Estes* v. *Jones,* 119 Miss. 142.

Argued orally by *J. A. Leathers,* for appellants, and *L. W. Maples,* for appellee.

Holden, J., delivered the opinion of the court.

This is an appeal by F. W. Woolworth Company from a judgment for two thousand dollars rendered against it in favor of Miss Cora Volking as damages for the willful negligence of appellant in failing to furnish her a reasonably safe and comfortable place in which to work, resulting in her contracting a severe cold, which caused her to suffer physical pain, and injuries to her nose, throat, and eyes.

The facts of the case, as shown by testimony of appellee, necessary to an understanding of the decision, are, in short, as follows: On and before January 25, 1923, Miss Volking was employed as cashier and bookkeeper for the Woolworth Company in Gulfport. On the date mentioned the weather was very cold, and after Miss Volking had started upon her duties that morning, Mr. Anderson, the manager of the Woolworth Company shut off the heating radiators in the store, opened the doors, and turned on the ceiling fans, causing the storeroom to become very cold and uncomfortable. The appellee complained to Mr. Anderson about turning off the heat and asked that it be turned on again because she was cold, and

135 Miss.—27

that she had had an operation upon her nose several months previously; but Anderson refused to turn the heat on again and allowed the occupants of the store to suffer the discomfort of the cold during the day.

Miss Volking testified that she became chilly and sick on account of the cold temperature in the store and contracted a cold, had to leave at five o'clock in the afternoon, and was sick in bed for two days thereafter on account of the cold she had contracted. She came back to work, however, at noon on the second day and remained in the service of the appellant for several months, and after leaving the employment filed this suit to recover damages for the injury and suffering caused by the conduct of Mr. Anderson, the manager in charge of the Woolworth business. Miss Volking testified she had an operation about two months before the 25th of January, in which the doctor had cut some bones out of her nose, and that this trouble had not healed, and she made continued visits to the doctor for further treatment of her nose up to the time of the alleged injury on the said 25th day of January, 1923. She claimed the cold she contracted at the store on the day mentioned caused her nose to become injured and stopped up, which gave her great pain and discomfort until she had a doctor to burn it out again about two weeks after the 25th of January. She also testified the cold she contracted caused her to have sore eyes and a sore throat. The testimony was objected to by the defendant below. The court instructed the jury that they might assess damages for the alleged injuries to the nose, eyes, and throat. The plaintiff below did not introduce her doctors to show by their expert testimony that the cold she contracted caused the injury to the nose, throat, and eyes, but she merely gave it as her opinion alone that these troubles and injuries resulted from the cold that she had contracted on that day in the Woolworth store.

The appellant urges reversal on several grounds among them being that the court erred in admitting in-

competent testimony, granting certain instructions, and setting aside the judgment granting a new trial to appellant while appellant was absent and without notice; and that the court erred in refusing to grant a peremptory instruction to the appellant on the ground the evidence was insufficient to show that the acts of Anderson, the manager for Woolworth, were the proximate cause of the injuries complained of by Miss Volking.

We shall pass upon one point only, which will result in a reversal, and the other errors complained of may not arise on a new trial, and that is the question of whether or not the testimony in the case was sufficient to show a causal connection between the cold contracted by Miss Volking and the subsequent injury to her nose, eyes, and throat complained of by her.

The appellant urges that no recovery can be had for any amount because the negligence complained of is not shown to have proximately resulted in any injury or suffering to the appellee; but we disagree with this contention, because we think the testimony is competent and sufficient to show that she contracted a bad cold on account of having to remain in the cold building during the day in question—conceding for the purposes of this case (though not deciding because the point is not raised) that appellant owed appellee the duty to furnish her a reasonably comfortable place in which to work. But it is our judgment the testimony of the appellee alone, in which she gave her opinion or conclusion that the injury to her nose necessitating its being burnt out, and the trouble with her eyes and throat several weeks after the exposure, was caused by the cold, was not sufficient to establish a causal connection between the cold and the subsequent injuries complained of. She did not put the doctors on the stand who attended her, who doubtless could have furnished expert testimony of probative value as to whether or not the cold had caused the other troubles. Her opinion on the subject, without a basis of facts therefor, amounted to very little more than mere

conjecture or guesswork, and is not to be solely relied upon to reasonably establish the causal connection between the contracted cold and the nose, throat, and eye troubles.

Miss Volking testified she had an operation in which a quantity of bone was taken out of her nose two months prior to the exposure in question, and that she was not entirely well from this operation at the time she took the cold. A bad cold from which a person is confined for a few days does not necessarily, of common knowledge, result in sore eyes, or the kind of an injury to her nose which she complained of and subsequently had burned out. It is possible that these injuries could have proximately resulted from the cold, still the proof offered, which was merely the unsupported opinion of a non-expert without a reasonable basis of facts upon which to found it, was not sufficient nor competent to establish this fact, and we think the court erred in admitting the testimony and permitting the jury to allow damages for the injuries to the nose, eyes, and throat. *Y. & M. V. R. Co.* v. *Boone,* 111 Miss. 881, 72 So. 777.

We note the appellant points out that the testimony for the plaintiff is weak and is overcome by the opposite proof in the case, and therefore no recovery should be allowed to stand. While we think the case has some circumstances in it which might lead to the belief that the claim for damages is not wholly well founded, yet we are not prepared to say the testimony of Miss Volking is unbelievable or is so unreasonable as to be repulsive to the truth as conceived by the ordinary mind. It is true she continued in the employment for several months before leaving it and bringing this suit, and her conduct, as shown by the record, in the meantime was indicative that she did not think she had been substantially wronged warranting a suit for damages. And it is also in evidence that she was heavily dressed, under and outer, with a sweater and an overcoat in the store on the day she claims she suffered the cold; and the heat could have been turned

on by employees in the store, if the store in fact was cold, and none of the other employees experienced the cold condition that the plaintiff claims existed on that day.  She also could have gone home any time.

The act of Mr. Anderson, as testified to by Miss Volking, in turning off the heat, opening the doors, and turning on the fans on a freezing day, was certainly remarkable for a sane man to do who was intrusted with the management of such an important business.  However, the story of the plaintiff is not an impossible one, and the jury had the right to believe it, and their finding of fact is not to be disturbed by this court where the evidence upon which the finding is based is competent and sufficient to support the finding.

*Reversed and remanded.*

### ON SUGGESTION OF ERROR.

It is suggested by the appellee in this case that we erred in not remanding the case for a trial on the amount of damages only, since we had decided that the liability of the appellant was established.  We think the suggestion of error is well taken on this point, and after a careful consideration of the competent proof in the record as to the amount of damages sustained by the appellee we are of opinion the amount allowed was excessive, and if the appellee will enter a *remittitur* here reducing the amount to five hundred dollars the case will be affirmed; otherwise, it will be reversed and remanded for trial on the question of damages alone.

*Sustained and affirmed, with remittitur.*