F. W. WOOLWORTH CO., INC., *v.* HAYNIE.

(Division A. Oct. 19, 1936.)

[170 So. 150. No. 32316.]

Leathers, Wallace & Greaves, of Gulfport, for appellant.

**T. J. White** and **Bidwell Adam,** both of Gulfport, for appellee.

Argued orally by **P. D. Greaves**, for appellant.

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a judgment awarding the appellee five hundred dollars damages for personal injuries alleged to have been sustained by her while she was employed by appellant at the soda fountain in its Gulfport store.

The declaration alleged, in substance, that, among appellee's other duties at the soda fountain, she was required to wash dishes in sinks or compartments, in water that had been treated with some kind of chemical, the exact nature of which was unknown to her, but called "Pur-a-fac;" that this chemically treated water overflowed onto the floor beneath the sinks and other compartments, thereby rendering her place to work unsafe; that in the performance of her duties she was required to stand and walk in this overflow water; and that, as a result of using her hands in this chemically treated water, and having to stand in this overflow water, her hands and feet became affected, and pus formed around the nails of her fingers and toes, causing some of them to become disfigured, and causing her great pain and suffering.

Appellee testified that she was treated by two physicians for the infection and the diseased condition of her hands and feet, but she did not introduce either of these physicians, or any other expert evidence to show a causal connection between the diseased condition of her hands and feet and the chemically treated water which she

was required to use. Over specified objections of the appellant, the appellee was permitted to testify that the condition of her hands and feet was caused by the Pur-a-fac in the water which she was required to use in the performance of her duties, and the admission of this testimony is assigned as error. Appellee had no knowledge of the constituent elements of the product used in the water with which she performed her duties, and no knowledge or training which would qualify her to give expert testimony as to the effect of the use of Pur-a-fac for sterilization purposes. This testimony was merely the unsupported opinion or conclusion of a nonexpert witness, with no basis of facts upon which to found it, other than the mere fact that the diseased condition existed, and it should have been excluded. Woolworth Co., Inc., v. Volking, 135 Miss. 410, 100 So. 3; Yazoo & M. V. R. R. Co. v. Boone, 111 Miss. 881, 72 So. 777.

But in view of the undisputed testimony that Pur-a-fac is a product extensively used for antiseptic and sterilization purposes, and the opinions of numerous experts who testified for the appellant that a product containing the same chemicals as Pur-a-fac, even in higher percentages than those shown by a chemical analysis of the particular product used by appellant, would not be harmful to the hands and feet when diluted in water as herein shown by the evidence, that is, one tablespoonful to three gallons of water, the unsupported testimony of the nonexpert witness as to the cause of the diseased condition of her hands and feet was not of sufficient probative value to furnish a basis upon which to rest liability; and upon the whole evidence we are of the opinion that the peremptory instruction requested by the appellant should have been granted.

The judgment of the court below therefore will be reversed, and judgment entered here for appellant.

Reversed and judgment for appellant.