531 So.2d 817 (1988)
John L. GRAVES, Sr.
v.
John L. GRAVES, Jr.
No. 57994.
Supreme Court of Mississippi.
October 5, 1988.
*818 Ronald L. Whitting, Guy, Whitting & Ott, McComb, for appellant.
Keith Starrett, Magnolia, for appellee.
Before DAN M. LEE, P.J., and ROBERTSON and GRIFFIN, JJ.
ROBERTSON, Justice, for the Court:

I.
The 1984 Super Bowl spawned a super brawl among the Graves family at the Marion Manor Apartments in McComb, Mississippi, following which plaintiff sued his father, brother and sister-in-law for damages resulting from an assault and battery. The jury found for plaintiff in the amount of $30,000.00. The appeal from judgment thereon presents questions regarding defenses available in an assault and battery action and the requirements of proof of future medical expenses and lost earning capacity as elements of damage. We affirm on liability and reverse and remand for a new trial on damages only.

II.
First, the lineup. John L. Graves, Jr., also known as Johnny, is an adult resident of McComb, Mississippi. Johnny was the Plaintiff below and is the Appellee here.
John L. Graves, Sr., is Johnny's father. Vince and Lane Graves, husband and wife, are Johnny's brother and sister-in-law respectively. All were Defendants below. John L. Graves, Sr., is the sole Appellant.
On January 22, 1984, Vince Graves and his wife, Lane, together with Vince's father, John, Sr., were watching the Super Bowl on television at Vince's apartment in McComb, Mississippi. Also in the apartment was Vince and Lane's son, Vince, Jr., *819 ten months old. During half time John, Sr. called another son, Johnny, on the telephone and invited him to the apartment to watch the second half of play. Soon thereafter Johnny arrived with three of his friends to watch the game. Johnny's wife, Judy, arrived ten to fifteen minutes later.
Vince and Lane began to chide Johnny about the absence of his favorite team, the Dallas Cowboys, from the Super Bowl. The Defendants denied that they had goaded Johnny. In any event, Johnny, feeling that he was not welcome, declared that he was leaving and instructed his wife and friends to accompany him out of the apartment.
Immediately after Johnny had left with his wife and friends there was a loud crash outside the apartment door which sounded like breaking glass. Vince investigated and discovered that Johnny had thrown an empty quart bottle of beer on the sidewalk immediately in front of his apartment door. Johnny admitted breaking the bottle. Words were exchanged and a scuffle ensued which carried the combatants, Vince and Johnny, back through the door and into the apartment.
John, Sr., intervened and attempted to break up the fight by restraining Johnny. While Johnny was so restrained by his father, Vince tackled his brother and father and all three fell to the floor. While Johnny was on the floor, and still being restrained by his father, Vince bit Johnny on the face, tearing off his left lower eyelid in the process. While this was occurring, Lane Graves, joined in the fray by hitting Johnny with the receiver of a telephone.
Johnny was taken to a hospital where a doctor sutured his wound. He later underwent two surgical procedures in an effort to reconstruct the eyelid. Additionally, because his tear duct is damaged, he is required to artificially irrigate and cleanse his left eye. He had incurred nearly $8,500.00 in medical expenses at the time of trial.
On February 28, 1984, John L. Graves, Jr., (Johnny) filed suit in the Circuit Court of Pike County, naming as defendants his father, John L. Graves, Sr., (John, Sr.), his brother Vince Graves, and Vince's wife, Lane Graves. Johnny's complaint demanded damages resulting from the assault which Johnny alleged he had suffered on January 22, 1984.
The case was called for trial on July 15, 1986. Only four witnesses appeared: Johnny, his wife Judy, and defendants Vince and Lane. John, Sr., did not testify. Both Lane and Vince testified that Johnny was the aggressor in the fight. Lane admitted hitting Johnny with a telephone receiver but testified she did not know how Johnny's eye came to be hurt. Vince denied that he had bitten his brother. Both the plaintiff and the defendants accuse each other of drunkenness. All parties admitted to at least moderate drinking that day. The jury returned a verdict for Johnny and against all defendants in the amount of $30,000.00. From this verdict, John, Sr., appeals.

III.
John, Sr., first urges that the Circuit Court erred when it refused his requested comparative negligence instruction. At trial all defendants requested that the Court instruct the jury that it should reduce John, Jr.'s damages in proportion to the extent that his negligence contributed to his own injury. The Court refused this instruction, stating "This is not a negligence case."
John, Sr., relies upon Comer v. Gregory, 365 So.2d 1212 (Miss. 1979), and maintains that "all questions of negligence and contributory negligence shall be for the jury to determine" pursuant to Miss. Code Ann. § 11-7-19 (1972).
The appellant's reliance upon Comer, however, is misplaced. The Court in Comer was examining Miss. Code Ann. § 11-7-61 (1972)  which is quite relevant here[1]  and which provides:

*820 In actions for libel or slander, assault and battery, and false imprisonment, the defendant, under the plea of not guilty, may give in evidence any mitigating circumstances to reduce the damages, notwithstanding he may also have pleaded a justification.
The opinion in Comer draws a logical parallel between the application of this statute and the comparative negligence statute, Section 11-7-17, in its examination of a defendant's entitlement to a mitigating circumstances instruction generally. That is, just as Section 11-7-19 is relevant to the defense of a negligence action, Section 11-7-61 identifies defenses available to intentional tort suits. Nowhere in the Comer opinion does the Court sanction the use of comparative negligence as a defense to an intentional assault.
The authorities in this state and elsewhere are unanimous in declaring that the defenses of contributory or comparative negligence have no application to cases of intentional tort such as assault and battery. "The doctrine of contributory negligence does not apply to an action to recover damages for an assault and battery." 6 Am.Jur.2d Assault and Battery § 153 (1964). "Where the defendant's conduct is actually intended to inflict harm upon the plaintiff, there is a difference, not merely in degree but in the kind of fault; and the defense never has been extended to such intentional torts. Thus [contributory negligence] is no defense to assault or battery." Prosser & Keeton, The Law Of Torts, 462 (5th ed. 1984). See Jackson v. Brantley, 378 So.2d 1109, 1112 (Ala.App. 1979) ("It is elementary that contributory negligence is no defense to an intentional wrong.").
The same rule appears in our law, although we have not spoken to the point for many years. St. Louis & San Francisco Railroad Company v. Ault, 101 Miss. 341, 352, 58 So. 102, 105 (1912); Fuller v. Illinois Central Railroad Company, 100 Miss. 705, 716-17, 56 So. 783, 785 (1911); Christian v. Illinois Central Railroad Company, 12 So. 710, 711 (Miss. 1893). The rule is sound and we reaffirm it.
The assignment of error is denied.

IV.
John, Sr., next urges that the Circuit Court erred when it submitted to the jury, over his objection, an instruction that the jury could award damages for future medical expenses and lost earning capacity. The instruction in relevant part reads:
Should your verdict be for John L. Graves [Jr.] you may consider such of the following factors in determining the amount of damages to be awarded as may be shown by a preponderance of the evidence:
* * * * * *
(4) reasonable medical expenses incurred and those that are reasonable certain to be incurred in the future, if any,
(5) any future disability that is reasonably certain to occur, in any, its duration and effect, if any, on plaintiff's future earnings,
In arriving at the amount of your award, if any, for loss of future earnings, you should consider what the plaintiff's health, physical ability, age, and earning power or capacity were before the injury and the effect of the plaintiff's injuries, if any, upon them.
*821 The only testimony offered at trial relevant to these elements of damage was contained in the testimony of John L. Graves, Jr. On direct examination Johnny testified as follows:
Q. Mr. Graves, what is the current condition of your eye?
A. Well, it's  it's in better shape than it was, but I get a lot of irritation out of it.
Q. All right. Do you need other surgery?
A. Yes, sir.
Q. Do you know how much the additional surgery is going to cost?
BY MR. WHITTINGTON:
I object to this, Your Honor. He's not competent to testify about either of those, except based on hearsay. And that's not competent.
BY THE COURT:
Well, if it's an assertion intended to be offered to prove the truth of what was said, I sustain the objection as hearsay.
BY MR. STARRETT:
Just the fact that it was said, Your Honor.
BY THE COURT:
If it's only for the fact that it was said, I will overrule the objection.
In his later testimony, Johnny related the doctor's prognosis and planned course of treatment over the objections of the defense. He also testified that the amount of irritation in his damaged eye is increased when engaged in manual labor because dust and sweat cause the eye to become irritated.
Before a party may submit to the jury the task of resolving factual issues, he must place before the jury competent evidence legally sufficient to undergird a decision in his favor. Detroit Marine Engineering v. McRee, 510 So.2d 462, 465 (Miss. 1987). "A party to an action is entitled to have the jury instructed regarding a genuine issue of material fact ... so long as there is credible evidence in the record which would support the instruction." Hill v. Dunaway, 487 So.2d 807, 809 (Miss. 1986). But where on the evidence no reasonable juror could, consistent with his oath, find the fact, the requested instruction should be denied. See Phillips v. State, 493 So.2d 350, 353-54 (Miss. 1986); Lee v. State, 469 So.2d 1225, 1230-31 (Miss. 1985).
These general considerations apply to damages in civil actions. Before a jury may be instructed upon a specific element of damages, there must be some testimony to support that element. Lewis Grocer Co. v. Williamson, 436 So.2d 1378, 1380 (Miss. 1983). In Jones v. Hatchett, 504 So.2d 198 (Miss. 1987), the plaintiff in a personal injury action attempted to support her claim for future disability with a letter written to her by her treating physician, who was unavailable to testify. This Court held the admission of the letter into evidence to be reversible error. 504 So.2d at 202. As to the jury instruction which was based upon this hearsay evidence, this Court stated:
The instruction of which Jones complains on appeal allowed the jury to consider, in assessing damages, certain elements not supported by evidence. Specifically, the jury was allowed to consider, inter alia, 1) aggravation of preexisting condition, if any, and 2) any future disability reasonably certain to occur. Although there was some testimony (though inadmissible under our holding today) to support the instruction on future disability, there was no substantial evidence to support the instruction on aggravation of preexisting conditions. Injuries of any type of degree must be established by a preponderance of the credible evidence and shown to be causally related to the alleged negligence; unless a type of injury is thus established, no instruction based on that type of injury should be given. Mills v. Balius [254 Miss. 353], 180 So.2d 914, 917 (Miss. 1965).
504 So.2d at 203.
The competence of a plaintiff to testify in his own behalf regarding damages suffered was addressed by this Court in the case of Thomas v. Global Boatbuilders and Repairmen, Inc., 482 So.2d 1112 (Miss. 1986), where the Court stated that an experienced commercial boat owner was "not competent to testify what his boat *822 was worth following the accident unless he had independent expertise to determine whether the electricity damaged his boat, the specific damage done, and the reasonable cost of repairs necessary to repair such damage." 482 So.2d at 1116.
Although Johnny was competent to testify as to his own pain and suffering and to describe his physical injuries, Dennis v. Prisock, 221 So.2d 706 (Miss. 1969), he was clearly incompetent to testify regarding his own medical prognosis and treatment. Temple Construction Co. v. Haylor, 351 So.2d 1350, 1352 (Miss. 1977); F.W. Woolworth Co., Inc. v. Volking, 135 Miss. 410, 419, 100 So. 3, 4 (1924).
Applying the law to the evidence before us, we may only conclude that the jury was improperly allowed to consider elements of damage which were not supported by any competent credible evidence in the record. Aside from the hearsay testimony regarding the treating physician's prognosis and projected course of treatment, the record is void of any proof of Johnny's future medical expenses. There is also no support in the record for the instruction relating to diminished earning capacity. Although Johnny testified that there is an increased discomfort when he engages in manual labor because sweat gets in his eye and he must then irrigate it, there was no proof that this discomfort has any detrimental effect on his earning capacity. Because the jury was allowed to consider elements of damage which were without basis in evidence, the award of damages must be reversed.
The judgment of the Circuit Court is affirmed insofar as it adjudges that John Graves, Sr., is liable to John L. Graves, Jr., in the premises. So much of the judgment as awards damages, however, is reversed and the case is remanded to the Circuit Court for a new trial consistent with this opinion solely on the issue of damages.[2]
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.
NOTES
[1] Significantly, the Circuit Court submitted to the jury Instruction No. D-10 which read:

The Court instructs the Jury that you are entitled to consider in reaching your verdict all mitigating circumstances in this civil action for assault and battery and to reduce damages, if any, to be awarded, accordingly.
This is to say that if you find that the plaintiff by his actions on January 22, 1984, at the home of Vince Graves and wife, Lane Graves,
(1) was the aggressor in the affray that occurred; or
(2) was trespassing in the residence of Vince Graves and Lane Graves, having refused to leave their residence when so requested; or
(3) appeared by his conducts and demeanor to be under the influence of alcohol; or
(4) provoked the fight between the plaintiff and defendants;
then such conduct, if any, by the plaintiff may be considered in mitigation of his damages, if any, and such damages, if any, may be reduced because of these circumstances.
In addition to this mitigating factors instruction, there were two jury instructions relating to the defendant's rights of self-defense.
[2] The judgment against Vince Graves and Lane Graves became final in all respects when they failed to file timely notice of appeal. That judgment is in no way affected by our action on the appeal of John L. Graves, Sr.