The Honorable Mike Medlock Prosecuting Attorney Twenty-First Judicial District 100 South 4th Street, Room 3 Van Buren, Arkansas 72956
Dear Mr. Medlock:
This is in response to your request for an opinion on the validity of a county initiative petition. Specifically, you indicate that a particular initiative petition has been filed with the Crawford County Clerk and the clerk has certified the petition as sufficient. The petition seeks to reduce the county sales tax, adopted approximately one year ago by county electors, from one cent to one-half cent. The tax was adopted in accordance with A.C.A. § 26-74-201 et seq. You state that the initiative petition was filed in accordance with Amendment 7 to the Arkansas Constitution (the Initiative and Referendum Amendment) and A.C.A. §14-14-915 (a part of the "County Government Code," prescribing procedures for the exercise of initiative and referendum rights at the county level).
You quote Amendment 7 as stating that no initiated ordinance "shall be enacted contrary to the Constitution or any general law of the State. . . ." You also state that A.C.A. § 14-14-914(b) provides that: "[n]o county legislative measure shall be enacted contrary to the Arkansas Constitution or any general state law which operates uniformly throughout the state, and any general law of the state shall have the effect of repealing any county ordinance which is in conflict therewith." You then point out that the statutory subchapter under which the tax was originally adopted, A.C.A. §§ 26-74-201 et seq., sets forth a procedure for levying and voting on the tax, and also prescribes a procedure for abolishing the tax. You also note, however, that there is no procedure described for reducing the tax to one-half percent.
Your question is therefore the following:
 Is the proposed ordinance contained in the Initiative Petition contrary to the Authorizing Legislation, such that the Initiative Petition is invalid under Amendment 7 to the Arkansas Constitution?
RESPONSE
I must decline to opine upon this question. The County Clerk has certified the initiative petition you describe as sufficient. Amendment 7
to the Arkansas Constitution provides in this regard that: "[t]he sufficiency of all local petitions shall be decided in the first instance by the county clerk or the city clerk, as the case may be, subject to review by the Chancery Court." Section 14-14-915 (d) provides that "[i]f the petition is found sufficient, the clerk shall immediately certify such finding to the county board of election commissioners and the quorum court." Section 14-14-917(d), in turn, appears to place a mandatory duty on the county board of election commissioners to place the measure on the ballot. The only avenue of relief in such case is an action in chancery court. In this regard, A.C.A. § 14-14-915 (f) provides that: "Any taxpayer aggrieved by the action of the clerk in certifying the sufficiency or insufficiency of any initiative or referendum petition, may within fifteen calendar days, but not thereafter, may [sic] file a petition in chancery court for review of the findings."
I have no authority over the question of the sufficiency of this initiative petition. An advisory opinion by this office on the sufficiency of the petition would be of absolutely no effect on the question. In addition, it has come to my attention that a lawsuit has in fact been filed in this matter. See Hubbs et al., v. Hill, County Clerk
(No. CV-2000-243, Crawford County Circuit Court, filed September 11, 2000). I must therefore also decline to address your question under my policy that prohibits the issuance of opinions on matters that are the subject of pending litigation.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh