The Honorable Mike Medlock Prosecuting Attorney 21st Judicial District 100 South 4th Street, Room 3 Van Buren, Arkansas 72956
Dear Mr. Medlock:
I am writing in response to your request for an opinion concerning a recent vote taken by a County Intergovernmental Cooperation Council. You state that such a council has been established in your county under A.C.A. § 14-27-102. You note your understanding that a quorum has to be present to conduct business on behalf of the Council. You state that the particular county has nine mayors and a County Judge on the Council. At a recent meeting, you note, there were seven mayors, the county judge, and the county clerk present. The vote on the measure in question resulted in "yes" votes from four mayors and "no" votes from three of the mayors. The county judge abstained. Your question is whether the measure passed or failed.
RESPONSE
I have addressed very similar issues in Op. Att'y Gen. 2001-326, a copy of which I have enclosed. I will not reiterate the conclusions reached therein in detail as I have attached it for your review. In summary, however, it is my opinion that under the facts you describe, assuming the particular Council has not adopted any contrary rules to govern its proceedings, the measure in dispute passed.
A quorum is indeed necessary to transact business. See A.C.A. §14-27-102(e) (defining a quorum as "a majority of the council's membership . . ."). A quorum was present at the meeting you describe. As I state in Opinion 2001-326, the applicable statutes do not detail the vote requirement necessary for Council action. In the absence of any such governing statute, or any applicable parliamentary procedures adopted by the Council to govern its proceedings, the common law rule will apply. That rule is detailed in Opinion 2001-326, as requiring a majority of those present and voting on the measure, excluding abstentions (so long as a quorum is present at the meeting). Id. citing Opinion 95-306 (copy enclosed).
One of my predecessors relied upon the following quotation from American Jurisprudence in this regard, which states that: "the exercise of lawmaking power is not stopped by the abstention of some who are present. If members present desire to defeat a measure they must vote against it; inaction will not accomplish their purpose. Their silence is acquiescence, rather than opposition." Opinion 87-273, citing 59 Am.Jur.2d Parliamentary Law 12 (1987) (Footnotes omitted).
Under the facts you describe, therefore, the number counted for purposes of determining the majority is seven. There was a quorum present and there were seven members present and voting.[1] A majority of seven is thus four votes and the measure passed. The county judge's abstention is not counted. See again Op. Att'y Gen. 87-273 (copy enclosed).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
Enclosures
[1] You do not indicate that the county clerk voted. See Opinion2001-326 as to the county clerk's right to vote.