CHRISTOPHER B. OWEN v. ILLINOIS CENTRAL RAILROAD CO.

1. RAILROADS. *Injury by passing train. Evidence. Presumption.*
   Proof of the circumstances connected with an injury resulting from the running of a railroad train, removes all ground for resorting to legal presumption.

2. SAME. *Conjecture.*
   Mere conjecture will not support a judgment in any case.

FROM the circuit court, second district, of Panola county.

HON. Z. M. STEPHENS, Judge.

Owen, the appellant, was the plaintiff in the court below; the railroad company, appellee, was defendant there. The facts are sufficiently stated in the opinion of the court. The railroad company had judgment acquitting it from all liability in the circuit court, and the plaintiff appealed to the supreme court.

*Lowrey & Perkins,* for appellant.

We have in this case three distinct, separate, good reasons why the defendant is liable to the plaintiff for his injury.

1. It was caused by defective or improper appliances, machinery or loading for which defendant is liable at common law and by constitution and statute.

2. It was caused by the negligence of fellow-servants on a different train of cars, and about different work, etc., for which defendant is liable by constitution and statute.

3. Supposing the testimony of plaintiff as to how the injury occurred is entirely eliminated from the case, and it certainly makes a strong case for him if believed—still the defendant would be liable for the injury, because every circumstance, and the testimony of defendant's witness, Standford, point unerringly to the conclusion that plaintiff was hurt by a running train of defendant, and appellee utterly failed to meet the *prima facie* case thus made out.

Under the rule for giving and refusing peremptory instructions universally adhered to by this court, and so admirably stated in *Tribette* v. *Railroad Co.,* 71 Miss., 212, we are entitled, we think, to eventually get to a jury in this case.

*Mayes & Harris,* for appellee.

The judgment is demonstrably correct if it be still the law in this state that it is necessary for a plaintiff to make a case against a defendant before a recovery can be had.

The plaintiff is the only witness who undertakes to show how he was hurt. He says, "I was on guard at a trestle in Yacona bottom; that was during the high water. We had been there from Tuesday morning until Saturday night. On Saturday night, about 12 o'clock, we heard a train coming, and Frank said to me, 'I believe that I will go down and look at that trestle which is down below us.' I said, 'Wait a minute and I will go with you,' and he says, 'No, I want you to stay here and flag this train,' and when the train whistled I began to flag, and

the train did not seem to stop, so I stepped off to the side as far as I could to keep out of the way of the train. After the engine had passed me, I was standing up there not thinking of anything hurting me, when something struck me right here, and I didn't know a thing after that."

When he was struck he was about ten feet from the trestle, and was three or four feet from the track.

The plaintiff does not even say that any of the things stated in the declaration hurt him. Something hurt him, but he knows not what, and does not pretend to say.

Surely this court will not say that this case should be submitted to a jury on such pleading and such proof.

The plaintiff was an employe, and, therefore, under well-settled rules in this court, no presumption of negligence arises from injury caused by the running of the trains. *Dowell* v. *Railroad Co.,* 61 Miss., 519; *Railroad Co.* v. *Hughes,* 49 Miss., 258; *Short* v. *Railroad Co.,* 69 Miss., 848.

There is no presumption that any one of the supposed causes of injury existed. The plaintiff must prove negligence. *Railroad Co.* v. *Cathey,* 70 Miss., 332; *Short* v. *Railroad Co.,* 69 Miss., 848; *Railroad Co.* v. *Hart,* 61 Miss., 468.

Who struck Chris Owen? What hit him? Must it be left for the jury to grope in the dark for answer, or must the plaintiff prove his case?

Argued orally by *P. H. Lowrey,* for appellant, and by *J. B. Harris,* for appellee.

TERRAL, J., delivered the opinion of the court.

Appellant brought suit against the defendant for personal injuries inflicted by the running of the locomotive and cars of the defendant company, alleging the infliction of great and grievous injury upon him by reason of the negligence of said company; said injuries were alleged to have been inflicted upon the plaintiff below by reason of one or more of four several grounds of negligence set out in the disjunctive. No objection,

however, was made to the form of the declaration, nor was any objection interposed to the evidence as not supporting some one of the causes alleged, or of a cause of action not alleged but made by the proof.

The evidence showed that in March, 1897, appellant was employed as a watch or guard at one of the trestles of the railroad in the Yacona river bottom; the waters of the river were very high, and the plaintiff was a guard at one of these trestles to watch out for danger to the trestle from the high water, and to give notice to passing trains; he commenced his watch at the trestle on Tuesday and continued until the succeeding Saturday night. About midnight Saturday night appellant and Stanford, section foreman, were at the trestle watched by Owen, and hearing an approaching train, the section foreman left Owen and went to examine another trestle about one hundred yards away, and on his return, after an absence of some ten minutes, and after the train had passed, he found the appellant lying by the side of the track near the edge of the water, unconscious and seriously wounded. The distance from the rail of the track to the water, on the side plaintiff was found, was variously estimated to be from three to six feet. Plaintiff testified that he flagged the train to slow up, in order to pass over the trestle, which the train did not seem to do, but when it neared him he stepped off the track as far as he could for the water, and to the place where he had stood for other trains to pass; that the engine passed him going rapidly, when he was struck by something and became unconscious, and so remained for several weeks. The plaintiff's evidence does not show, in our opinion, any cause of action. It devolved upon the plaintiff to show the negligence of the defendant company, or the existence of such state of facts as would reasonably raise a presumption of negligence in it; and neither was shown. The plaintiff's evidence discloses the facts which produced the injury, but throws no imputation of negligence upon the defendant company therefrom; the production of the circumstances connected with the

infliction of the injury removes any ground for resorting to any presumption of law in the matter; in the solution of the case, therefore, we are left to conjecture only, and mere conjecture will not support a judgment in any case.

*Affirmed.*