NEW ORLEANS & N. E. R. Co. *v.* HOLSOMBACK.

(Division B.   Jan. 8, 1934.)

[151 So. 720.   No. 30898.]

**Bozeman & Cameron,** of Meridian, for appellant.

**Dunn & Westbrook,** of Meridian, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee, driving at night, attempted to cross the railroad at a public crossing and, immediately as he came upon track, the right front wheel of his automobile came off, thus leaving the car stalled on the tracks; and before the heavy machine could be removed it was struck by a southbound fast freight train.

Two issues of alleged negligence are presented for consideration:

First, it is alleged that the crossing was in such bad repair that this was the cause of the wheel coming off. The evidence strongly preponderates in the negative on this issue, but when we accept, as we must, that of the appellee, together with all permissible inferences to be drawn therefrom, nothing more than a conjecture or a possibility is thereby shown; and it has often been ruled by this court, as by all courts, that something more substantial than conjecture or possibility is necessary to form the supporting foundation of a verdict and judgment. Owen v. Railroad Co., 77 Miss. 142, 146, 24 So. 899; Illinois Cent. Railroad Co. v. Cathey, 70 Miss. 332, 338, 12 So. 253.

Second, it is contended that the train was running at an excessive rate of speed and that except for this the engineer could have stopped in time to have averted the in-

jury. The crossing in question was in a remote location outside of the six-mile limit and was seldom used. Railroads are not, as a general rule, required to reduce the speed of their trains in approaching such unfrequented crossings.

This court said in Hancock v. Illinois Central Railroad Co., 158 Miss. 668, 131 So. 83, 84, that: "The very purpose of locomotion by steam upon railways is the accomplishment of a high rate of speed in the movement of passengers and freight, and this the law authorizes. To require railroads generally so to reduce their speed at all grade crossings as to avoid collisions with persons who may, carelessly or accidentally, be upon the crossing when a train is approaching would defeat, to a great extent, the purpose of the existence of railroads." See, also, Mobile & O. Railroad Co. v. Bryant, 159 Miss. 528, 132 So. 539.

Appellee's testimony, taken as true, was that the train was running about fifty miles an hour. There was a curve in the railroad which, according to measurements made, was one hundred seventeen yards north of the crossing, but according to appellee's estimate was two hundred sixty yards to the north. The testimony is undisputed that the train, which was more than three hundred yards in length, ran approximately four hundred yards after the brakes were applied, and this, according also to the undisputed testimony, was approximately the shortest distance within which a train of that length and running at that speed could be stopped; the track being downgrade at that point. Since, then, the outlet of the curve where the enginemen could first see the automobile was only two hundred sixty yards from the automobile and the train could not be stopped, according to all the testimony in the record, in less than four hundred yards, it follows that no actionable negligence can be fastened upon the enginemen for failing to come to a stop or in their attempt so to do before the automobile was hit.

This makes it unnecessary to discuss the other and collateral matters argued. The peremptory instruction should have been granted.

Reversed, and judgment here for appellant.