NEW ORLEANS & N. E. R. Co. *et al. v.* WHEAT.

(Division B.   March 25, 1935.)

[160 So. 607.   No. 31627.]

**Parker & Shivers**, of Poplarville, and **Heidelberg & Roberts**, of Hattiesburg, for appellants.

**Gex & Gex**, of Bay St. Louis, and **J. M. Morse**, of Poplarville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee, the plaintiff, alleged that he was injured in a collision between a fast passenger train of appellant railroad and a motor truck driven by appellee, and at a public crossing within the municipal limits of the town of Poplarville. The crossing is located about three-quarters of a mile north of the railroad station in Poplarville and far outside of the six-mile speed limit as prescribed by the existing order of the State Railroad Commission. The said crossing is not shown on the official map of the town, but the proof is that it had been worked and used by the public for a sufficient length of time to make it a public highway. The proof, however, is entirely silent upon the question whether it was much used, or frequently used, or crowded. Mobile & O. R. Co. v. Bryant, 159 Miss. 528, 536, 132 So. 539. The speed of the train was about forty-five miles per hour.

At the request of appellee, the court granted the following instruction: "The court instructs the jury for the plaintiff that it was the duty of the defendants in said cause to keep their train under such control and at such a rate of speed when crossing the highway in question, so as not to recklessly injure persons lawfully undertaking to cross its right of way, at said crossing; and if you believe from a preponderance of the evidence in this case that said defendants negligently operated their train at a high and reckless rate of speed at said crossing without due regard for the safety of the travel-

ling public, and if you further believe from a preponderance of the evidence in this case that such negligence proximately caused or proximately contributed to the plaintiff's injury; if you believe from a preponderance of the evidence that the plaintiff was injured, then you shall find for the plaintiff.''

And at the request of appellants, the court granted an instruction reading as follows: ''The court instructs the jury for the defendants that you cannot find a verdict against them on account of the rate of speed at which the train was traveling on the occasion in question.''

It is not worth while to attempt to surmise how it could be that two instructions so obviously contradictory were given in the same case. All that is necessary to say is that being utterly contradictory the last-quoted correct instruction does not cure the erroneous instruction—they cannot be harmonized.

In Hancock v. Illinois Cent. R. Co., 158 Miss. 668, 131 So. 83, 84, where the train was running fifty miles an hour, within a municipality, but outside of the area therein prescribed, as to speed limits, by the railroad commission, and at a crossing which was a part of one of the principal highways of the state, this court said: ''The very purpose of locomotion by steam upon railways is the accomplishment of a high rate of speed in the movement of passengers and freight, and this the laws authorize. To require railroads generally so to reduce their speed at all grade crossings as to avoid collisions with persons who may, carelessly or accidentally, be upon the crossing when a train is approaching would defeat, to a great extent, the purpose of the existence of railroads.'' See, also, Mobile & O. R. Co. v. Bryant, supra, and New Orleans & N. E. R. Co. v. Holsomback, 168 Miss. 493, 151 So. 720.

The result of these recent cases is that, except at frequently used or crowded crossings, railroads are not re-

quired, outside of the six-mile speed limits, to reduce their speed. The only evidence here as to the speed is that it was, as above stated, about fifty-five miles per hour, which for a fast passenger train is neither unusual nor otherwise legally objectionable at unfrequented crossings—that is to say, at crossings other than those much used or crowded—and when there are no physical conditions to substantially interfere with the efficacy of the customary warnings by bell and whistle.

Since the judgment must be reversed because of the erroneous instruction first above quoted, we have not examined the other assignments and express no opinion thereon, except to say that the evidence is probably sufficient to escape a peremptory instruction.

Reversed and remanded.