HAWKINS *v.* STRINGER.

In Banc. Jan. 24, 1949.

(38 So. (2d) 454)

**O. B. Triplett, Jr., T. J. Wills,** and **L. D. Pittman,** for appellant.

R. S. Tullos and O. O. Weathersby, for appellee.

126

**Alexander, J.**

Stringer sued Hawkins to recover damages resulting from a battery committed upon him by Hawkins. The testimony is that upon Sunday morning, Hawkins, then Sheriff of Smith County, had arrested a fleeing prisoner and was conducting him to jail, and in passing Stringer, who was standing on the sidewalk, struck the latter two or three times upon the head with a pistol. The jury was not impressed with the defense that Stringer had first attacked the officer, nor with any improbability that such officer would, without provocation, yield to some unaccountable urge to indulge a passion to test his personal strength and official powers upon a peaceable citizen, then and there suitably clothed and in a right mind to attend Sabbath worship. Since the testi-

mony, if accepted by the jury, was sufficient to raise this issue, we cannot disturb their finding of liability.

In his declaration, plaintiff stated that he "is injured and has sustained damage to the amount of Fifteen Thousand Dollars," and in his third instruction, the jury were charged, in the event they found liability, "to bring in a verdict for the plaintiff in such sum that will reasonably compensate the said J. Hise Stringer for his injuries, not in excess of Fifteen Thousand Dollars, as alleged in the declaration." There was an award thereunder of $5,700.

Let us examine the evidence adduced to support such finding. The plaintiff testified on this issue as follows: "I stayed in bed ten or twelve days, and there was two or three weeks I couldn't sleep or work." In reply to the inquiry: "What effect did it have on your eyes?" he stated "Since that time my eyes haven't been good." Further examination followed: "State to the jury if you still feel the effects of that injury." "Yes, all the time " "How does it affect you?" "Well my head hurts all the time, practically all the time, just an old headache, just nervous."

He further stated that he had incurred some medical bills but the extent was not shown. He testified that "the doctor took twenty-three or twenty-four stitches" in the head wound. The doctor testified that it was a scalp wound only. This was corroborated by another physician who stated that the wound was closed with "between eight and twelve" surgical clips. The wound was three or three and a half inches long. There was no bone fracture. He conceded that such a wound "would cause a good bit of suffering." To complete plaintiff's summary of his physical damages, we quote his answer to a question upon the duration and extent of his injuries: "Six or eight weeks before I come to myself good. I stayed in bed part of the time. I hurt all the time. I hurt yet, but at first I hurt all the time, for six or eight weeks.

After I tried to check my books, it would go to my head—I couldn't work on my books as good as I did."

 ██ Despite the vague recitals of disability and suffering, the jury would be warranted in assuming that there would be no inconsiderable degree of both. However, the verdict is more than merely substantial, and appears to be a computation upon some basis which is not found in the record. Not a single figure is named as representing financial loss or expense. The physical damage and suffering, although not susceptible of exact admeasurement, must at all events be connected not only in time but in causation with the injury. Post hoc ergo propter hoc is not a stout enough foundation to sustain a finding of proximate cause. Illinois Cent. R. Company v. Cathey, 70 Miss. 332, 12 So. 253; Kramer Service, Inc., v. Wilkins, 184 Miss. 483, 186 So. 625. Compare Kress & Co. v. Sharp, 156 Miss. 693, 126 So. 650, 68 A. L. R. 167; Yazoo & M. V. R. Co. v. Boone, 111 Miss. 881, 72 So. 777; 38 Am. Jur., Negligence, Sec. 56. An assumption by the jury that the injury created a condition that had not theretofore existed, or aggravated one which did, has in it some logic but not enough law.

 Regardless, therefore, of what could have been, or may be, shown, we find no sufficient basis for so substantial an award for personal injury. Under the circumstances, and in view of the sharp conflict in the testimony, we are of the opinion that the jury ought not to have been instructed to bring in a verdict, once liability is found, "not in excess of Fifteen Thousand Dollars, as alleged in the declaration." Belzoni Hardwood Company v. Cinquimani, 137 Miss. 72, 89. 102 So. 470. With the exception herein noted, the plaintiff's instructions were not objectionable.

 What we have stated is a sufficient comment upon the assignment that the trial court erred in refusing instructions for the defendant which denied to plaintiff any right to recover for "permanent injuries" and "impaired eyesight."

The cause will be affirmed upon the issue of liability, but reversed and remanded for hearing under proper instructions upon the issue of damages.

Affirmed on liability; reversed and remanded upon damage isssue.

**Hall, Justice (concurring).**

I concur in the majority opinion holding that the actual damages sustained by appellee, as proven by the evidence, are not sufficient to uphold a verdict for $5,700.

The facts of the case would have warranted the infliction of punitive damages, and, in my opinion, if punitive damages had been sued for, and if the issue thereon had been submitted to the jury, the verdict would not be excessive. Since the appellee did not sue for punitive damages, and did not request an instruction to the jury thereon, he cannot recover the same. Gulf, Mobile & Northern Railroad Co. v. Graham, 153 Miss. 72, 117 So. 881. Therefore, appellee's recovery on the first trial is limited to the actual damages sustained by him, and I concur with the majority of the Court in holding that the actual damages proven are not sufficient to uphold the jury's verdict.