HUMBLE OIL & REFINING CO. *v.* PITTMAN, et al.

Division B.   Dec. 18, 1950.

No. 37736 (49 So. (2d) 408)

Joe A. Thompson and Heidelberg & Roberts, for appellant.

**L. K. Saul** and **Homer Pittman,** for appellees.

**Alexander, J.**

Appellees brought suit for damages allegedly caused to a well upon their lands by experimental charges of dynamite fired in testing by seismograph the structure of the underlying strata for purposes of exploration.

Three charges were fired by appellant. Two were made with two pounds of dynamite at a depth of sixty-five feet and one of two and one-half pounds at a depth of forty feet. The well in question is about nine hundred feet from the shot points. It was a bored well 204 feet in depth and electrically operated. Appellant appeals from a judgment upon a verdict for $1000.

Only one assignment of error need be discussed. The action is based upon negligence and a recovery must of course rest upon a finding of negligence and proximate causation.

The issue of negligence would bring into view two opposing contentions. The first is the assertion of a strict liability which would impose upon appellant responsibility tantamount to that of an insurer. The second would examine the conduct of appellant and adjudicate the issue of negligence in the light of procedures followed, location, and foreseeability of probable harm. However, we do not ransack the authorities on this question but advance our inquiry to the matter of proximate cause.

At the outset we put aside as controlling General Geophysical Co. v. Brown, 205 Miss. 189, 38 So. (2d) 703. It is well to observe that each case of this type must be adjudged upon its own circumstances. More to the point, however, the Brown case involved the act of a trespasser, while in the instant case the appellant was upon the lands with knowledge and permission both as to his purpose and method.

On the issue of proximate causation we note the statement of one of appellees that the damage to the well was. caused by the explosions. It is clear that this testimony was that of a lay witness whose opinion was based upon

the relative coincidence of the explosion and the damage which became apparent shortly thereafter. Compare Dr. Pepper Bottling Co. v. Gordy, 174 Miss. 392, 164 So. 236.

The witness Staples, who bored the well, was unwilling to state that the damage was so caused. Witness Crosby, though not an expert, was permitted to state "from personal knowledge" that an explosion at a distance of 200 or 300 yards from a water well would "affect" it. Neither the size of the charge used, nor the nature of the well, nor the extent to which it would be affected, was stated.

There was considerable conflict both as to the fact and extent of the damage. The complaint was that the flow of water had become diminished and the quality of the water deteriorated. Experienced drillers of water wells testified that water in ample quantity and of usable quality was still available but that the well was too deep for the size of the pump employed. Another expert view was that the cause of stoppage was a faulty pump and strainer and that, while the taste of the water was unobjectionable, there was some discoloration due to rust and oxidation of the pipes.

The above considerations while relevant upon the fact and extent of damage, remain in point upon the controlling issue of proximate cause. Upon this latter point the following testimony was given. The witness Alford, from long experience with the use of explosives, testified that charges of the size stated fired at the depths and at the distance given, would not damage the well. Witness Strohmyre, a physicist with seismograph training, testified that the maximum displacement of the earth under these conditions and at such distance would be 3/10,000ths of an inch; that the charges could not have damaged the well; that any displacement of or injury to the well would more probably result from the normal movement of the earth; and that any change in the condition of the well was a mere coincidence.

The witness Turner, a geologist who had made numerous tests and examined many cores and who was familiar

with the strata underlying this area, testified that at this location the strata dip to the southwest. The well is to the north of the shot points and at its bottom is lower by 139 feet than the deepest hole in which a charge was fired. The well penetrates a stratum of sand which outcrops some distance to the northeast and which slopes southwestwardly, so that the source of its water supply is the surface water from rain which is taken in by the outcropping sand and follows this stratum to the bottom of the well. He further testified that a subterranean explosion would not disturb the sand or render it ineffective as a conduit for the flow or infiltration of water. The bottom of the lowest hole is at substantial elevation above the top of the sand stratum and the bottom of the well is near the base of the sand.

Against this expert testimony there is left only the circumstance that soon after the charges were fired some disturbance of the well appeared. This may of course have had a causal connection with the explosions. There is plausible ground for lay witnesses so to suspect. Yet ▇▇ verdicts may not rest upon suspicion or conjecture. In its last analysis the circumstantial evidence adduced to support the verdict is the theory post hoc ergo propter hoc. This basis has never of itself been held substantial enough upon which to erect proximate causation. This principle, as well as the controlling value of the undisputed testimony of expert witnesses, is fully discussed in Kramer Service Co. v. Wilkins, 184 Miss. 483, 186 So. 625, 627. See also Southern Ry. Co. v. Buse, 187 Miss. 752, 193 So. 918; Equitable Life Assur. Soc. of U. S. v. Mitchell, 201 Miss. 696, 29 So. (2d) 88; Danciger Oil & Ref. Co. v. Free, 204 Miss. 870, 35 So. (2d) 542.

The expert testimony finds additional support in the fact that another well on said land which was 300 feet closer to the shot points and only 32 feet in depth was wholly unharmed.

▇▇ We find, therefore, that as a matter of law the

burden of establishing proximate causation was not met and that the peremptory instruction requested by the defendant ought to have been given.

Reversed and judgment for appellant.