## JACKSON *v.* SWINNEY

No. 42324 May 7, 1962 140 So. 2d 555

*Carl E. Berry, Jr., Joseph H. Stevens,* Hattiesburg, for appellant.

*Beard, Pack, Ratcliff & Dillard,* Laurel, for appellee.

ETHRIDGE, J.

This is a damage suit for personal injuries based upon the negligence of defendant in operating his automobile.

The issue is whether there was any causation in fact between this negligence and plaintiff's alleged injuries.

The action was brought in the Circuit Court, Second Judicial District of Jones County, by appellant, Mrs. Dimple Scott Jackson, against the appellee and cross-appellant, Willie R. Swinney. The jury returned a verdict for plaintiff of $2,500, defendant filed a motion for a new trial during the term, and the circuit court took it under advisement for decision in vacation. Miss. Code 1942, Rec., Sec. 1523. In vacation the court sustained the motion for new trial, on the ground that there was no substantial evidence of proximate cause.

Defendant then filed a motion for judgment non obstante veredicto, and to correct the order directing a new trial. The trial court overruled the former, but sustained the motion to correct judgment, and revised it by adjudicating that defendant's motion for a directed verdict at the close of all of the evidence should have been sustained, and entering judgment for defendant.

From that judgment Mrs. Jackson took a direct appeal, contending (1) the evidence made a jury issue on proximate cause, and (2) the trial court had no power to correct in vacation its order for a new trial, by rendering judgment for defendant. Swinney took a cross-appeal, assigning as error refusal by the trial court of his requested peremptory instruction. Defendant says the vacation judgment in his favor was within the court's power, since the matter was taken under advisement for decision in vacation; but, if not, he was entitled to a peremptory instruction.

The automobile collision occurred on July 30, 1960, around 9:45 p. m., eight miles north of Hattiesburg on U. S. Highway 11. Mrs. Jackson was driving her car south on that highway. Roy Evans, driving north, stopped his car to turn left, after giving a hand signal. Swinney was traveling north behind Evans' automobile.

The jury was warranted in finding that defendant negligently drove his automobile into the rear of the Evans' vehicle, causing the latter to be knocked across the highway and into the left front and side of plaintiff's car. Defendant concedes that negligence is not an issue here, and it was an issue for the jury on disputed evidence. Plaintiff made no proof of property damages to her car, so the trial court gave defendant a peremptory instruction on that issue. Plaintiff does not contend this was error.

If plaintiff's evidence failed to show any causal connection between her alleged injuries and the accident, Swinney is entitled to a judgment in his favor here (as the circuit court held he was). In that event, we do not reach or consider the question of power to enter the order in vacation correcting the trial court's prior order directing a new trial. Hence the issue is whether the evidence made an issue of fact for the jury as to causation in fact and proximate cause between defendant's negligence and plaintiff's alleged injuries.

The evidence on this issue was given by two witnesses. Mrs. Jackson testified as follows: About three weeks after the accident she started having pains in the lower part of her back, up into her neck, headaches, numbness in her left leg, and difficulty in sleeping. The headaches affect her eyesight, although she had never had any difficulty with it before the accident, or with headaches and dizziness. She took headache and nerve medicines purchased without prescription at a drug store. She did not go to a doctor until shortly before this suit was filed. Dr. James C. Bass, Jr., examined her, and she waived the physician-patient privilege. She had not had any of these pains and other symptoms prior to this accident. Mrs. Jackson was asked whether she made the statement at the collision that she received no injury, to which she replied, ''Well, I didn't think I had at the time.''

Dr. James C. Bass, Jr., of Laurel, an orthopedic surgeon, examined plaintiff on one occasion, February 13, 1961, about 6½ months after the collision and shortly before this suit was filed. He found no abnormalities as a result of the accident, but she had an abnormality called a bifid spinous process, in the middle of the back, where the bones have not united making a complete arch across the middle of the back. On occasions this could cause low back pain. She did not have any tenseness or muscle spasms, and did not ask him to prescribe anything for pain. He did not think it was necessary. In the upper part of the back and lower neck region, he found no abnormality, muscle spasm, or tension. He could find no orthopedic cause for any pain. The doctor was asked a hypothetical question based on the assumption of the accident, no prior physical pains, and their onset two to three weeks afterwards. He thought ''it would be highly improbable that the back pains would come on that long afterwards. It would not be connected with the accident. . . . I don't think neck pain a month later would be connected with the accident.'' Plaintiff had no evidence of fractures, and no abnormal trouble in the neck. The term ''whiplash'' had no meaning to him, it being apparently a layman's term pertaining to something in the neck. There was no evidence of protrusion of tissue, and no indication of need for a myelogram. Plaintiff's congential spinal condition would be ''one cause of pain quite frequently.''

Plaintiff's counsel asked Bass a hypothetical question, based on assumptions of no pains prior to the accident, their onset two or three weeks later, and whether he would say there was probably some causal connection between the accident and plaintiff's complaints. He replied that there would be no connection, and explained his reasons: The nerves come through a small, bony canal, and for them to have pressure, there must be some encroachment in that canal. If there is a rup-

tured disc, it will encroach immediately, and symptoms will begin at the time of rupture. This patient did not have these symptoms, and they would have no connection with the accident, in his opinion. Plaintiff had ''the defects of the bone in the lower part of the back that she was born with.''

In this case we have the fact of the accident, caused by defendant's negligence; and the fact that several weeks after it plaintiff began having pains in her back, neck and leg. *Post hoc ergo propter hoc,* without more, does not qualify under anyone's causal standard. Yet this is an instance in which nothing else can be found in support of the jury's verdict for plaintiff. There is no basis in this record of fitting a cause and effect relationship within legal formulae. The verdict must necessarily have been based on a *post hoc* finding by the jury.

■■ The defendant's wrongful conduct must be a cause in fact of plaintiff's injury before there is any liability. The wrongful conduct must be a cause in fact of the harm. The evidence fails to show causation in fact. Hence we do not need to reach the second test pertaining to the scope of liability, namely, whether defendant's negligence was a proximate or legal cause of plaintiff's injury. 2 Harper and James, The Law of Torts (1956), Secs. 20.1-20.6; Small, Gaffing at a Thing Called Cause: Medico-Legal Conflicts in the Concept of Causation, 31 Tex. L. Rev. 630 (1953).

Plaintiff's evidence must be such form which reasonable men may conclude it is more probable that the event was caused by the defendant than it was not. Plaintiff had the burden of proof in this respect, and in this instance she has not met that burden. Prosser, The Law of Torts (2d Ed. 1955), Sec. 44. Mrs. Jackson's testimony does not indicate any connection between defendant's negligence and her complaints. She merely said that before the accident she had no such

physical ailments, and several weeks after it she began for the first time to have them. The only other witness on this issue, the orthopedic surgeon, after a thorough examination, concluded there was no causal connection between the accident and the pains. He found no orthopedic cause for them, except the congenital abnormality in the spine. He thought it would be "highly improbable" that back pains would begin several weeks after the accident, if connected with it. They were not connected with the accident.

 No recovery can be had where resort must be made to speculation and conjecture as to plaintiff's physical troubles. 15 Am. Jur., Damages, Sec. 22. Recoverable damages must be reasonably certain in respect to the efficient cause from which they proceed, and the burden is on claimant to show by a preponderance of the evidence that the person charged was the wrongful author of that cause. Blizzard v. Fitzsimmons, 193 Miss. 484, 10 So. 2d 343 (1942). Surmise and conjecture are not sufficient. Plaintiff's back pains have not been traced with the requisite certainty to an efficient cause for which defendant is responsible. In fact, plaintiff's evidence fails to support any conclusion of causation in fact, except solely on a *post hoc* basis.

Kramer Service Inc. v. Wilkins, 184 Miss. 483, 496-497, 186 So. 625 (1939), condemned "one heresy in the judicial forum", namely, "that proof that a past event possibly happened, or that a certain result was possibly caused by a past event, is sufficient in probative force to take the question to a jury." Ill. Central R. Co. v. Cathey, 70 Miss. 332, 337, 12 So. 253 (1892). *Kramer* discussed the numerous cases from this jurisdiction holding, *"post hoc ergo propter hoc* is not sound as evidence or argument. . . . Possibilities will not sustain a verdict." Hawkins v. Stringer, 205 Miss. 121, 38 So. 2d 454 (1949).

In sum, plaintiff's evidence failed to show that defendant's wrongful conduct was a cause in fact of the harm, or *a fortiori* the proximate or legal cause of plaintiff's physical complaints. Hence the trial court erred in refusing defendant's requested peremptory instruction. Accordingly, it is not necessary to pass upon the validity of the court's order in vacation, sustaining defendant's motion to correct its prior order granting a new trial. On direct appeal the case is affirmed. On cross-appeal, the case is reversed and judgment rendered here for defendant, appellee and cross-appellant.

On direct appeal, affirmed. On cross-appeal, reversed and judgment here for appellee and cross-appellant.

*McGehee, C. J.,* and *Arrington, McElroy,* and *Rodgers, JJ.,* concur.