# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60760
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2014

Lyle W. Cayce
Clerk

TODD MASSEY,

> Plaintiff – Appellant

v.

UNITED STATES OF AMERICA,

> Defendant – Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:11-CV-60

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Todd Massey appeals the district court's entry of summary judgment in favor of the United States on his medical malpractice claim. For the following reasons, we AFFIRM.

At all times relevant to this appeal, Todd Massey was incarcerated in a correctional facility operated by the Federal Bureau of Prisons located in Yazoo City, Mississippi. On March 27, 2007, Massey went to the prison's medical

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clinic, complaining of severe stomach pain. Massey was seen by a nurse, but not a physician. Eight days after his initial visit, the pain became "unbearable," so Massey returned to the clinic. At that time, Massey was treated by Norma Natal, M.D., a prison staff doctor. Dr. Natal suspected that Massey had gall bladder disease. She prescribed Massey pain medications and antibiotics to treat gall bladder disease, and she ordered laboratory tests. Included in the panel was a test for H. pylori bacteria, which, if present, can indicate that the patient has a peptic ulcer.

The next day, on April 4, 2007, Massey returned to see Dr. Natal because his stomach pain had worsened. Dr. Natal referred Massey to the local hospital for additional testing. Massey was eventually transported to the Mississippi Baptist Medical Center, where he was treated by Hal Gregory Fiser, M.D. Dr. Fiser reviewed a CT scan of Massey's abdomen and discovered intraperitoneal air, which is an indicator of perforation in either the stomach or the colon. Dr. Fiser immediately performed surgery on Massey. During the surgery, Dr. Fiser confirmed that Massey had a perforated gastric ulcer, and he repaired the perforation. Massey recovered from the surgery, but he continues to suffer from incisional hernias as a result of the surgery to repair the gastric rupture.

On April 18, 2011, Massey filed this lawsuit pursuant to the Federal Tort Claims Act ("FTCA"), alleging medical malpractice on the part of the prison medical staff in failing to provide treatment for his peptic ulcer. He claims that had he been seen by a physician during his initial visit to the clinic, his peptic ulcer would have been identified sooner, thus preventing a rupture and the need for surgery. The government moved for summary judgment, arguing that Massey failed to create a genuine issue of material fact as to the causation prong of his medical malpractice claim. The district court granted the government's motion and entered judgment in its favor. Massey appealed.

No. 13-60760

We review a district court's order granting summary judgment de novo, applying the same standard as the district court. *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010). Summary judgment is appropriate when, viewing all evidence in the light most favorable to the non-moving party, the record demonstrates that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). There is a genuine issue of material fact when the evidence permits a reasonable jury to return a verdict for the nonmoving party. *See Estate of Sanders v. United States*, 736 F.3d 430, 435 (5th Cir. 2013).

The FTCA permits an individual to bring a civil action for damages against the United States for personal injury caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. *See* 28 U.S.C. §§ 1346(b)(1), 2674; *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). Here, the alleged act of medical malpractice occurred in Mississippi, and it is undisputed that Mississippi law applies to Massey's claim.

Under Mississippi law, the plaintiff must establish three elements to prevail on a medical malpractice claim:

> (1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant.

*Hubbard v. Wansley*, 954 So. 2d 951, 956–57 (Miss. 2007). A plaintiff may not "simply offer evidence that because injuries arose after an act of negligence that act of negligence is the cause in fact for those injuries." *Patterson v. Radioshack Corp.*, 268 F. App'x 298, 302 (5th Cir. 2008) (unpublished) (per

3

curiam) (citing *Jackson v. Swinney*, 140 So. 2d 555, 556–57 (Miss. 1962)). Instead, he must use expert testimony to establish all three elements. *Hubbard*, 954 So. 2d at 957 (citation omitted). The failure to present expert testimony on any one of the three elements is grounds for summary judgment in the defendant's favor. *Sanders*, 736 F.3d at 436. Essentially, "the success of a plaintiff in establishing a case of medical malpractice rests heavily on the shoulders of the plaintiff's selected medical expert." *Estate of Northrop v. Hutto*, 9 So. 3d 381, 384 (Miss. 2009).

We recently explained in *Sanders* that, under Mississippi law, the plaintiff may only recover on his medical malpractice claim when the evidence shows "that proper treatment would lead to 'a greater than fifty (50) percent chance of a better result than was in fact obtained.'" 736 F.3d at 437 (quoting *Hubbard*, 954 So. 2d at 964). Thus, "the 'expert opinion of a doctor as to causation must be expressed in terms of medical *probabilities* as opposed to *possibilities*.'" *Id.* (quoting *Univ. Of Miss. Med. Ctr. v. Lanier*, 97 So. 3d 1197, 1202 (Miss. 2012)) (emphasis added).

Massey alleges that had he received proper medical care on March 27, 2007, when he first reported his severe stomach pains, the peptic ulcer would not have ruptured and required surgery. However, he has not presented sufficient medical evidence to establish this causal link. Massey relies on Dr. Fiser's testimony that a "gnawing" pain, which he had experienced on March 27, is a symptom of a peptic ulcer. Thus, he concludes that he was suffering from the ulcer when he first sought medical attention. However, he ignores the fact that Dr. Fiser expressly stated that he had no opinion as to whether treatment on March 27 would have prevented the rupture of Massey's ulcer on April 4. Massey has not provided evidence that there is more than a fifty percent probability that his ulcer would not have ruptured had he been treated sooner. *See Sanders*, 736 F.3d at 436–37.

No. 13-60760

In support of causation, Massey also highlights Dr. Natal's statement that she would have provided the same treatment on March 27 as she provided on April 3 and 4.  Yet, Dr. Natal also testified that Massey would have had the same outcome and experienced a gastric rupture even if he had received treatment on March 27.  She explained that it takes approximately seven days to receive the results of laboratory tests, including the test for the H. pylori bacterium.  Thus, approximately a week would have passed before she became aware that Massey had a peptic ulcer.  Even if she had promptly begun treatment for a peptic ulcer upon receipt of the test results, Dr. Natal testified that the antibiotics to treat H. pylori require approximately two weeks to have an effect.  Additionally, it takes approximately four-to-six weeks for a non-complicated ulcer to heal.  This testimony is consistent with her statement that Massey would likely have experienced the same outcome even if he had been seen by a doctor on his initial visit to the medical clinic.

Because Massey has not presented evidence sufficient to create a genuine issue of material fact as to the causation element, his medical malpractice claim must fail.  Therefore, we AFFIRM the judgment of the district court.